UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARTEM ANDRIANUMEARISATA, <br><br> Plaintiff, <br><br> v. <br><br> MANAGER POST OFFICE, <br><br> Defendant. | Case No. 1:21-cv-00512-DCN <br><br> **INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Artem Andrianumearisata's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) and Complaint (Dkt. 2). Pursuant to 28 U.S.C. § 1915, the Court must review Andrianumearisata's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Andrianumearisata's Complaint to ensure it meets the minimum required standard. For the reasons explained below, the Court must DISMISS the Complaint WITH PREJUDICE.

## II. LEGAL STANDARD

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis

status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III. DISCUSSION

Since June 2021, Andrianumearisata has filed seven lawsuits in this Court.[1] His filings in those lawsuits are incoherent. Courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick*, 213 F.3d at 447. Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena*, 976 F.2d at 471. In reviewing the instant case, and Andrianumearisata's other cases, this Court has worked diligently to decipher his filings and give him the benefit of any doubt. However, Andrianumearisata must understand that it is his responsibility to bring meritorious claims, explain those claims coherently, and support the claims with facts. If he fails to do so, the Court must dismiss his claims.

In the present case, Andrianumearisata's brief Complaint outlines a few different experiences with the United States Post Office in Twin Falls, Idaho. From what the Court can understand from the Complaint, Andrianumearisata went to the post office on December 2, 2021, to address three different incidents he had from prior visits to the post office.[2] Dkt. 2, at 1. Andrianumearisata's claims in the lawsuit arise out of his December 2, 2021 visit rather than the prior incidents.

---

[1] 1:21-cv-00257-DCN; 1:21-cv-00295-DCN; 1:21-cv-00426-DCN; 1:21-cv-00429-BLW; 1:21-cv-00443-BLW; 1:21-cv-00451-BLW; and 1:21-cv-00512-DCN (the instant case). He also filed a lawsuit in December 2020, 1:20-cv-00547-DCN.

[2] To be clear, these are the factual allegations of his Complaint, which the Court accepts as true for purposes of this initial review. This does not mean that the allegations are indeed true nor that Andrianumearisata has proven them.

INITIAL REVIEW ORDER – 3

The first incident occurred on January 11, 2021, when Andrianumearisata received a letter from a court, and the envelope was allegedly torn open. The second incident occurred on November 23, 2021, when he went to the post office to mail a document to a court. As usual, the post office worker accepting the document asked a series of questions about the contents of the parcel, such as if it contained any hazardous material.[3] Andrianumearisata responded to the questions and then stated that "the letters, papers, documents, and ARTICLES of the United States Constitution, which I mail, do not threaten the establishment of the Post Office." Dkt. 2-4. He then proceeded to ask the post office worker if the questions and his answers to them would alter his mail service. The worker replied, "No." *Id.* The third incident stems from that same visit. As Andrianumearisata was leaving, Andrianumearisata alleges that he heard the post office worker call him a racist slur.

Andrianumearisata went to the post office on December 2, 2021, with the intent to address these incidents and to mail another document to the court. He informed the clerk and the manager of the post office that he had concerns about the routine questions post office workers ask before accepting parcels from senders. Dkt. 2, at 1. He wanted to mail parcels without answering those questions. The manager informed him that they could not do so. At some point, the manager contacted law enforcement officers who then responded to the scene at the post office. Andrianumearisata spoke with the officers and told them he

---

[3] "At retail units, mailers must be asked the question: 'Does this parcel contain anything fragile, liquid, perishable, or potentially hazardous, including lithium batteries and perfume?'" United States Postal Service, "Basic Guidelines for Acceptance and Dispatch," Hazardous, Restricted, and Perishable Mail, Pub. 52 (May 20, 2021), https://pe.usps.com/text/pub52/pub52c2_022.htm.

INITIAL REVIEW ORDER – 4

was not breaching the peace and asked them under what authority the post office workers could ask those routine questions. The law enforcement officers told him that the post office workers could indeed ask those questions. At this point, Andrianumearisata proposed that the post office workers sign a document "stating that any question imposed by the post office will not prevent, change or render my mail." *Id.* at 2. The law enforcement officers told him that the post office workers did not need to sign such a document.

It appears that Andrianumearisata also wanted the manager of the post office to sign one or more documents stating his concerns with those prior incidents. The manager did not sign any such document.

Andrianumearisata then filed this suit against the manager, who is unnamed, of the United States Post Office in Twin Falls, Idaho. He alleges that the manager violated various provisions in the United States Constitution: Article I, section 6, clause 1; Article III; Article VI, section 2; Article VII; the Fourth Amendment; and the Fourteenth Amendment. For a remedy, he asks this Court to direct the post office officials "(1) to sign the concern[;] (2) to provide postal service without the unsupported questioning, or by alternative to sign an Affirmation Document that any question of the post office is not omitting, rendering, changing or obstructing mail[; and] (3) by alternative to find the operation of the officials unconstitutional." *Id.*

None of the allegations in Andrianumearisata's Complaint rise to the level of legal claims with available remedies. While he contends that the manager violated his constitutional rights, many of the provisions he cites are wholly unapplicable to any of Andrianumearisata's allegations. Article I, section 6, clause 1 is the Speech or Debate

Clause, which "was designed to preclude prosecution of Members [of Congress] for legislative acts." *United States v. Helstoki*, 442 U.S. 477, 488 (1979). Article VI, section 2 is the Supremacy Clause, which "is not the source of any federal rights and certainly does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–25 (2015) (cleaned up). Article VII concerns the ratification of the Constitution. And Article III establishes the federal judiciary. Andrianumearisata does not have a legal claim with respect to any of the forementioned provisions.

Claims under the Fourth and Fourteenth Amendments are common, unlike the other provisions Andrianumearisata cites. However, Andrianumearisata fails to state a claim that the manager of the post office violated his rights protected by either the Fourth or Fourteenth Amendment.[4]

Andrianumearisata does not allege an unreasonable search and seizure, so he fails

---

[4] Andrianumearisata does not specify whether he is suing the manager in his official or individual capacity. Claims for damages based on the violation of constitutional rights can be brought only against federal officers, such as postal service workers, in their *individual* capacity under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Rodriguez v. Hemit*, 2018 WL 3618260, *3 (W.D. Wash. July 30, 2018) (evaluating pro se plaintiff's claims against postal service employees under *Bivens*). However, *Bivens* lawsuits are not the "proper vehicle for altering an entity's policy." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001). For altering policy, the proper vehicle is a suit for injunctive relief. *Id.* Suits for such injunctive relief are brought against federal officers in their *official* capacity. *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016). "An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." *Id.* It is not clear from Andrianumearisata's Complaint which type of lawsuit he intended to bring. He does not ask for damages, so it is not a proper *Bivens* claim; but the Court is reluctant to say with any certainty at this juncture that the suit is against the manager in his official capacity since the relief Andrianumearisata seeks is not clearly either specific relief from the manager or from the federal government. *See E.V. v. Robinson*, 906 F.3d 1082, 1091 (9th Cir. 2018) ("[A] suit against a federal official for specific relief is not considered to be against the government and thus is not barred by sovereign immunity, where the plaintiff alleges: (1) action by officers beyond their statutory powers or (2) even though within the scope of their authority, the powers themselves or the manner in which they are exercised are constitutionally void." (cleaned up)). Because the Complaint does not offer clarity on these issues, the Court will not determine whether this is a suit against the manager in his official or individual capacity nor the attendant sovereign immunity questions. Regardless of the capacity, Andrianumearisata fails to allege a constitutional violation.

INITIAL REVIEW ORDER – 6

to state a claim under the Fourth Amendment.

Rather, Andrianumearisata alleges that because the post office workers did not sign one or more of the documents, they violated his due process rights under the Fourteenth Amendment. Dkt. 2, at 2 ("After the fact that I have affirmed the jurisdiction of the United States Constitution, ARTICLE-I-6-1, and particularly identified the address of mail to the United States District Court, and requested sufficiently signed copy of the report, the officials disregarded the service of those duties, therefore violated the due process of the 14th Amendment in this case."). The Fourteenth Amendment applies only against state actors, and not against federal actors. *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 52, 542 n.21 (1987). However, the Fifth Amendment does protect due process rights against federal actors. Because the Court must construe pro se filings liberally, the Court reviews Andrianumearisata's due process claims under the Fifth Amendment. *See Lee v. Pfister*, 2015 WL 13907563, at *3 (C.D. Cal. Mar. 17, 2015) ("[W]hen a pro se litigant directs a Fourteenth Amendment claim at a federal official, courts regularly construe it is a Fifth Amendment claim . . . ."). Even so, Andrianumearisata fails to allege facts that the post office manager violated his due process rights.

The United States Postal Service has power "to provide for the collection, handling, transportation, delivery, forwarding, returning, and holding of mail, and for the disposition of undeliverable mail" and the power "to investigate postal offenses and civil matters relating to the Postal Service." 39 U.S.C. § 404(a)(1) & (6). Not all things are mailable. 39 U.S.C. § 3001. Mailing hazardous material is subject to civil and criminal penalties. 39 U.S.C. § 3018; 18 U.S.C. § 1716. And postal workers have authority to screen certain mail.

39 C.F.R. § 233.11. As part of the United States Postal Service's efforts to fulfill its duties and exercise its authority, post office workers ask mailers, "Does this parcel contain anything fragile, liquid, perishable, or potentially hazardous, including lithium batteries and perfume?"[5]

It is unclear from the Complaint how being asked that routine question violated Andrianumearisata's due process rights. "As for the Due Process Clause, standard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures by the State were constitutionally sufficient." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). The Complaint does not allege that Andrianumearisata was deprived of a liberty or property interest. Andrianumearisata does not even allege he was attempting to send a nonmailable item. Indeed, the Complaint alleges that he was able to mail his parcels. Furthermore, Andrianumearisata does not have a liberty or property interest to compel post office workers to sign "affirmation" documents or concern reports. And the routine question about nonmailable items is not a deprivation of due process. Thus, Andrianumearisata fails to allege a cause of action, and the Court must dismiss his Complaint.

The next question then is whether the Court should allow Andrianumearisata to amend his Complaint. If amending a complaint would remedy its deficiencies, then courts

---

[5] 251 Guidelines for Acceptance Personnel," *Publication 52*, United States Postal Service (May 2021), https://pe.usps.com/text/pub52/pub52c2_022.htm. "Publications are specialized instructions, often meant for the public, such as how-to guides or brochures, catalogs, and reference works." *About: Publications*, United States Postal Service, https://about.usps.com/publications/pub223/223c2dir_015.htm (last visited Jan. 12, 2022).

INITIAL REVIEW ORDER – 8

should provide plaintiffs an opportunity to do so. *See Carey*, 353 F.3d at 758. Here, because Andrianumearisata cannot state a due process claim against the manager of the post office, amendment would be futile. Therefore, the Court DISMISSES Andrianumearisata's Complaint (Dkt. 1) WITH PREJUDICE.

Finally, because the Court is dismissing this case with prejudice, the issue of the filing fee is moot.[6] Therefore, the Court does not deem it necessary to determine whether Andrianumearisata qualifies for in forma pauperis status.

## IV. ORDER

The Court HEREBY ORDERS:

1. Plaintiff Andrianumearisata's Complaint (Dkt. 2) is DISMISSED WITH PREJUDICE.

2. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: April 7, 2022

David C. Nye
Chief U.S. District Court Judge

---

[6] Andrianumearisata did not file the standard application form, which in forma pauperis applicants commonly use as their affidavit to state the facts showing their inability to pay the filing fee. Instead, Andrianumearisata filed receipts showing the balance of two bank accounts (Dkt. 5, at 2) and a "Proclamation" stating that he is presently unemployed and has no source of income (Dkt. 2-5). While these filings do speak to Andrianumearisata's inability to pay, neither filing is an affidavit.